UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABELEE BRUNSON,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | NO. CV 12-2397-DDP (AGR)<br><br>ORDER TO SHOW CAUSE |

On March 20, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. For the reasons discussed below, it appears the court lacks jurisdiction to entertain the petition.

The court, therefore, orders Petitioner to show cause, on or before **May 16, 2012**, why this court should not recommend dismissal without prejudice based on lack of jurisdiction.

# I.

# **SUMMARY OF PROCEEDINGS**

Petitioner is incarcerated at the United States Penitentiary - Victorville in Adelanto, California.

### A. Missouri Proceedings

On January 11, 1989, Petitioner was convicted of armed robbery in the Western District of Missouri. (Petition at 2.) On May 15, 1989, he was sentenced to 262 months in prison. (*Id.*) On October 1, 1990, the Eighth Circuit affirmed the sentence, concluding that Petitioner's two prior burglaries were crimes of violence. *United States v. Brunson*, 915 F.2d 392, 393 (8th Cir. 1990).

On January 29, 2002, the Missouri district court denied Petitioner's 28 U.S.C. § 2255 motion as untimely. *Brunson v. United States*, Case No. 01-1180-CV-W-6-P (W.D. Mo.), Dkt. No. 11. On April 24, 2002, the Eighth Circuit denied Petitioner a certificate of appealability. *Id.*, Dkt. No. 16.

On April 12, 2011, the Missouri district court dismissed a § 2255 motion in which Petitioner argued his sentence was "void based on the 2007 amendments to the United States Sentencing Guidelines . . . and that he could not have raised this claim in his previous Section 2255 motion because the amendment occurred after his previous Section 2255 was denied." *Brunson v. United States*, Case No. 11-0362-CV-W-HFS-P (W.D. Mo.), Dkt. No. 4. The court construed the motion as a second or successive petition. *Id.* On September 23, 2011, the Eighth Circuit denied Petitioner's petition for authorization to file a successive habeas petition. *Brunson v. United States*, Case No. 11-2522.

### B. Kansas Proceedings

On May 18, 1989, Petitioner was convicted of bank robbery, assault while committing bank robbery, and aiding and abetting in the District of Kansas. *United States v. Bronson*, Case No. 88-CR-20075-JWL (D. Kansas) ("*Brunson Kansas*"), Dkt. Nos. 67, 37. On July 17, 1989, Petitioner was sentenced to 262

2

months in prison consecutive to the sentence imposed in the Western District of Missouri. *Id.*, Dkt. No. 51. On June 19, 1990, the Tenth Circuit affirmed the conviction. *United States v. Brunson*, 907 F.2d 117 (10th Cir. 1990).

On April 29, 2009, the district court denied Petitioner's petition to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). *Brunson Kansas*, Dkt. No. 73. Petitioner argued his sentence should have been imposed concurrently to the sentence in the Western District of Missouri. *Id.* at 2. The court found the Sentencing Guideline amendment on which Petitioner relied did not apply retroactively and could therefore "not serve as support for a § 3582 reduction in sentence." *Id.* On September 17, 2009, the Tenth Circuit affirmed the district court's denial of the petition. *United States v. Brunson*, Case No. 09-3152 (10th Cir.)[1]

### C. Proceedings Here

In the instant petition, Petitioner raises two grounds. Ground One alleges that the Bureau of Prisons ("BOP"), by "denying to provide me with the date that my sentence was completed in the Western District of Missouri; has violated my due process right to challenge said sentence as having been imposed illegally and unconstitutionally." (Petition at 3.) Ground Two alleges that the BOP should be ordered to "de-aggregate sentences as ordered by district court judge in the district of Kansas." (*Id.* at 4.)[2] Petitioner also appears to allege his counsel on appeal (he does not specify which appeal) was ineffective. (*Id.* at 5.)

---

[1] The court noted that Petitioner had been "convicted . . . of armed bank robbery and was sentenced to 262 months' imprisonment, to run consecutively to a 262-month sentence he received in the western district of Missouri for a prior armed bank robbery." *Id.* at 1-2.

[2] Petitioner does not cite any order by the court.

3

## II.

## **DISCUSSION**

"[T]o determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A § 2255 motion must be filed in the sentencing court. 28 U.S.C. § 2255 (a prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence"). On the other hand, a § 2241 petition must be filed in the district in which the prisoner is in custody. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). A federal prisoner may not substitute a § 2241 petition for a § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255"); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions").

"[M]otions to contest the legality of a sentence must be filed under § 2255." *Hernandez*, 204 F.3d at 864.[3] However, § 2255's "savings clause" permits the filing of a § 2241 petition to challenge a conviction or sentence in limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that

---

[3] Although Petitioner has couched his claims against the BOP, he does not "challenge the manner, location, or conditions of a sentence execution," which would be a typical § 2241 petition and not subject to the savings clause; the gravamen of the petition is that the imposition of consecutive sentences by the District of Kansas was illegal and therefore "must be filed under § 2255 in the sentencing court." *Hernandez*, 204 F.3d at 864.

4

such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Because Petitioner has already made a § 2255 motion that was denied, this court has jurisdiction only if Petitioner's "remedy by motion is inadequate or ineffective to test the legality of his detention."[4]  28 U.S.C. § 2255; *see Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *see also Hernandez*, 204 F.3d at 864-65; *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

The savings clause is available to a prisoner "who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence." *Lorentsen v. Hood*, 223 F.3d 950, 953-54 (9th Cir. 2000); *see also Stephens*, 464 F.3d at 898 ("we have held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim").

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citation and quotation marks omitted).  "Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that 'no reasonable juror' would have convicted him [citation omitted]. . . . [T]he parties are not limited to the existing trial record; the issue is 'factual

---

[4] Petitioner filed a § 2255 motion in the Western District of Missouri, which was denied.  *Brunson*, Case No. 11-0362-CV-W-HFS-P, Dkt. No. 4.  There is no indication he filed a § 2255 motion in the District of Kansas, although he attempted to obtain the same result by filing the § 3582 petition, which was denied.  *Brunson Kansas*, Dkt. No. 73.

innocence, not mere legal insufficiency.'" *Lorentsen*, 223 F.3d at 954 (quoting *Bousley*, 523 U.S. at 623).

Because Petitioner does not assert he is actually innocent of the crimes, he cannot invoke the savings clause. *See Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003) (a petitioner "must never have had the opportunity to raise [a claim of innocence] by motion");[5] *see also Stephens*, 464 F.3d at 899 ("Because Stephens has not made out a claim of actual innocence, we conclude that he has not properly invoked the 'escape hatch' exception of § 2255 that would permit him to file a petition for habeas corpus under § 2241."); *Frank v. Banks*, 2011 WL 3477096, *3 (C.D. Cal. 2011) ("Here, the court need not address the second prong of the savings clause because Petitioner does not satisfy the actual innocence requirement of the first prong.").

### III.

### ORDER

IT IS THEREFORE ORDERED that, on or before ***May 16, 2012***, Petitioner shall show cause, if there be any, why this court should not recommend dismissal without prejudice for lack of jurisdiction. Petitioner's response must address both prongs of the savings clause.

**If Petitioner fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed without prejudice based on lack of jurisdiction.**

DATED: April 16, 2012

*alicia G. Rosenberg*

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[5] Petitioner has already had an opportunity to raise the sentencing issue to the District of Kansas and to the Tenth Circuit, both of which rejected his claim. *See Brunson Kansas*, Dkt. No. 73; *Brunson*, Case No. 09-3152; *see also Garcia v. Holencik*, 2011 WL 2982741, *2 (C.D. Cal. 2011) ("Petitioner already had an opportunity to challenge his sentence on the cocaine base conviction under 18 U.S.C. § 3582(c).").